UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICK GREER,

                    Plaintiff,

        v.

OCWEN LOAN SERVICING, LLC,

                    Defendant.

CASE NO. 3:16-cv-05041-RJB

ORDER ON DEFENDANT'S
MOTION TO DISMISS

        This matter comes before the court on Defendant's Rule 12(b)(6) Motion to Dismiss. Dkt. 14.  The court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

        Plaintiff filed his complaint on January 15, 2016, alleging violations of the Telephone Consumer Protection Act of 1991 ("TCPA"). Dkt. 1. Plaintiff filed two previous lawsuits against Defendant alleging violations in connection with Defendant's alleged debt collection practices. *Greer v. Ocwen Loan Servicing, LLC*, No. 3:13-cv-05964 RBL (W.D. Wash. Nov. 5, 2013) ("*Greer I*"); *Greer v. Ocwen Loan Servicing, LLC*, No. 3:13-cv-05938 RBL (W.D. Wash. Dec. 1, 2014) ("*Greer II*").

1    Defendant now moves to dismiss Plaintiff's present claims under the doctrine of res

2  judicata and for failure to state a claim under Rule 12(b)(6). Dkt. 14. Defendant's motion should

3  be granted because Plaintiff's claims are barred by res judicata.

### I.    FACTS AND PROCEDURAL HISTORY

5    On September 1, 2011, Plaintiff's account number XXXXXXXX66 was transferred to

6  Defendant, a loan servicer. Dkt. 15-1. Plaintiff alleges that Defendant began placing collection

7  calls to Plaintiff's cellular phone on February 7, 2012. Dkts. 1 at 2; and 15 at 4. On February 16,

8  2013, two other accounts, the subjects of *Greer I* and *Greer II*, were transferred to Defendant.

9  Dkts. 15-2; and 15-3. Plaintiff claims that he sent letters to Defendant on June 3, 2013 and July

10  8, 2013 revoking any permission to call Plaintiff's cellular phone, but the calls continued. Dkts. 1

11  at 3; and 15 at 5.

12    In *Greer* I, on November 5, 2013, Plaintiff filed suit against Defendant for violations of

13  the Fair Debt Collection Practices Act ("FDCPA"), the Truth in Lending Act ("TILA"), the

14  Collection Agencies Code, RCW § 19.16, *et seq*., and the Washington Unfair Business Practices

15  statute, in connection with Defendant's alleged collection activity regarding account number

16  XXXXXXXX80. Dkt. 14-1 at 1.  The case was dismissed with prejudice on August 20, 2014.

17  Dkt. 14 at 2.

18    On December 1, 2014, Plaintiff filed *Greer II*, a second suit, against Defendant alleging

19  violations of the FDCPA, the Collection Agencies Code, and the Washington Unfair Business

20  Practices statute, related to Defendant's alleged collection activity in connection with account

21  number XXXXXXXX89. Dkt 14-1 at 12. On January 21, 2015, Defendant is alleged to have

22  made the last collection call to Plaintiff. Dkt 15 at 4. *Greer II* was dismissed with prejudice on

23  March 27, 2015. Dkt. 14 at 3.

24

ORDER ON DEFENDANT'S MOTION TO
DISMISS- 2

1   On January 15, 2016, Plaintiff filed the present lawsuit. Dkt. 1. Plaintiff alleges that

2   between February 7, 2012 and January 21, 2015, Defendant made 179 calls to Plaintiff's cellular

3   phone without his permission. *Id.* at 2. Plaintiff further alleges that these calls were made using

4   an automated telephone dialing system ("ATDS"), in violation of the TCPA. *Id.*

5   ## II.   <u>MOTION TO DISMISS</u>

6   In its motion to dismiss, Defendant argues (1) Plaintiff's TCPA claims should have been

7   raised in the prior cases and (2) Plaintiff fails to allege sufficient facts to support TCPA claims.

8   Dkt. 14.  Defendant argues that Plaintiff could have raised the present claims in prior litigation

9   because all three cases – *Greer I, Greer II,* and the present case – were based on similar

10  allegations regarding Defendant's alleged debt collection practices and all alleged phone calls

11  were made prior to dismissal of *Greer II. Id.* at 5-6. Defendant further argues that even if res

12  judicata does not apply, Plaintiff's allegations "simply parrot the TCPA's language," and provide

13  "no basis for his conclusion that the alleged calls were made with equipment that constitutes an

14  ATDS." *Id.* at 6.

15  In his Response, Plaintiff argues that it would not have been possible to properly plead

16  TCPA violations in the previous cases and that they were properly pleaded in this case. Dkt 15.

17  at 1-2. Plaintiff points out that 132 of the alleged calls were made prior to the date Defendant

18  became the servicer for the accounts associated with prior litigation, and that 13 alleged calls

19  were made after Plaintiff filed *Greer II. Id.* at 4-5.  Plaintiff asserts that he had no way of

20  knowing which account each of the remaining 34 calls concerned. *Id.* at 4.  Although it was not

21  alleged in the complaint, Plaintiff argues that his basis for alleging the use of ATDS includes

22  research into Defendant's history of automatic dialing and announcing device ("ADAD") use in

23

24

ORDER ON DEFENDANT'S MOTION TO
DISMISS- 3

1  other states. *Id*. at 8.  Plaintiff further claims he answered some of Defendant's calls, and that

2  occasionally those calls were immediately disconnected. *Id.* at 8.

3    In its Reply, Defendant argues that the type of "piecemeal litigation" that would result

4  from making separate TCPA claims for calls regarding each individual account is exactly what

5  "res judicata is meant to prevent." Dkt. 16 at 1. Defendant argues that since Plaintiff's "debt

6  collection grievances in the prior litigation involved telephone calls, he cannot backtrack from

7  those allegations here." *Id.* at 3. Additionally, Defendant argues that its past use of an ADAD,

8  which sends recorded messages, in other states is a red herring because Plaintiff never alleged

9  that he received a recorded message, never explains why he believes that an ADAD is the same

10  as an ATDS, and has not plead facts that make the use of an ATDS plausible. *Id.* at 4.

11       **III.**  **STANDARD FOR MOTION TO DISMISS**

12    Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable

13  legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri*

14  *v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken

15  as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d

16  1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

17  need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement

18  to relief requires more than labels and conclusions, and a formulaic recitation of the elements of

19  a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65

20  (2007)(*internal citations omitted*).  "Factual allegations must be enough to raise a right to relief

21  above the speculative level, on the assumption that all the allegations in the complaint are true

22  (even if doubtful in fact)." *Id*. at 1965.  Plaintiffs must allege "enough facts to state a claim to

23  relief that is plausible on its face." *Id*. at 1974.

24

1    **IV.    JUDICIAL NOTICE OF PRIOR COURT DECISIONS**

2          A court generally may not consider material beyond the complaint in ruling on a Fed. R.

3    Civ. P. 12(b)(6) motion.  *Intri-Plex Technologies, Inc. v. Crest Group, Inc*., 499 F.3d 1048, (9th

4    Cir. 2007)(*citation omitted*)(affirming decision to dismiss a complaint pursuant to Rule 12(b) on

5    res judicata grounds).  "However, a court may take judicial notice of matters of public record

6    without converting a motion to dismiss into a motion for summary judgment, as long as the facts

7    noticed are not subject to reasonable dispute."  *Id.* (*internal quotations omitted*).

8          Judicial notice should be taken of the pleadings and decisions in *Greer I* and *Greer II*.

9    Documents in both cases are public records, and there has been no showing that the facts and

10   findings in those cases are "subject to reasonable dispute" insofar as the motion to dismiss is

11   concerned.

12   **V.    DISCUSSION**

13   **A.  RES JUDICATA**

14         Res judicata "precludes lawsuits on any claims that were raised or could have been raised

15   in a prior action." *Stewart v. Bancorp,* 297 F.3d 953, 956 (9th Cir. 2002). Res judicata applies

16   where there is "1) an identity of claims, 2) a final judgment on the merits, and 3) privity between

17   the parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,* 322 F.3d 1064,

18   1077 (9th Cir. 2003).  It is undisputed that there was a final judgment in each of the previous

19   cases, and that the same parties are involved in the present case.  Only the first element of res

20   judicata, an identity of the claims, is at issue.

21         Determining whether there is an identity of claims requires consideration of four

22   criteria, which are not applied "mechanistically":

23         (1) whether the two suits arise out of the same transactional nucleus of facts; (2)
           whether rights or interests established in the prior judgment would be destroyed or

24

impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.

*Mpoyo v Litton Electro-Optical Sys.,* 430 F.3d 985, 987 (9th Cir. 2005). "We have often held the common nucleus criterion to be outcome determinative under the first res judicata element." *Id.* "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa,* 958 F.2d 864, 871 (9th Cir.1992) *(citing* Restatement (Second) Judgments § 24(2) (1982)).

Consideration of these factors counsels that there is an identity of claims in this case and the prior cases. Plaintiff's claims arise out of the same transactional nucleus of facts as *Greer I* and *Greer II.* All of Plaintiff's claims, in this case and in prior litigation, arise from Defendant's alleged debt collection practices, so each case relates to the same set of facts. Plaintiff acknowledges that at least 34 of the alleged phone calls could have been directly associated with accounts at issue in prior litigation, and that every phone call was placed prior to the dismissal of *Greer II.* Dkt. 15 at 4-5. Plaintiff acknowledges that he raised the issue of Defendant's phone calls in his 2013 letters to Defendant and in the previous cases. *Id.* at 6. The claims asserted here could have conveniently been tried in his prior cases. It is immaterial that all of the calls may not have been associated with accounts that were the subjects of *Greer I* and *Greer II* because Plaintiff states he was unaware to which account the calls referred. The TCPA claim "could have been raised in a prior action." *Stewart,* 297 F.3d at 956.

Further, while the second and third factors do not appear to favor or disfavor application of the doctrine, the fourth factor (substantially the same evidence) favors a

1    finding that there is an identity of claims.  For example, in the two prior cases, Plaintiff

2    relied on the two 2013 letters.  He relies on those same letters in support of his claims

3    here.  The "substantially the same evidence" factor is satisfied.  There is an identity of

4    claims in this case and in *Greer I* and *Greer II.*

5        Accordingly, Defendant's Motion to Dismiss (Dkt. 14) should be granted and

6    Plaintiff's case should be dismissed with prejudice as barred by res judicata.

7    **B.  SUFFICIENCY OF THE COMPLAINT**

8        Because this case is barred by res judicata, the sufficiency of Plaintiff's complaint

9    is not considered herein.

10                        **VI.    <u>ORDER</u>**

11       Therefore, it is hereby **ORDERED** that:

12       • Defendant's Motion to Dismiss (Dkt. 14) **IS GRANTED;**

13       • Plaintiff's claims **ARE DISMISSED WITH PREJUDICE**.

14       The Clerk is directed to send uncertified copies of this Order to all counsel of record and

15   to any party appearing *pro se* at said party's last known address.

16       Dated this 6th day of April, 2016.

17

18

19       ROBERT J. BRYAN
         United States District Judge

20

21

22

23

24

ORDER ON DEFENDANT'S MOTION TO
DISMISS- 7